**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Merhawi Hagos HAILE, Defendant— Appellant.**

**No. 06–30492.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 26, 2007.

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. *See* Fed. R.App. P. 34(a)(2).

Helen J. Brunner, Esq., Todd L. Greenberg, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Lee Covell, Seattle, WA, for Defendant–Appellant.

Before: McKEOWN and CLIFTON, Circuit Judges and SCHWARZER,** District Judge.

### MEMORANDUM ***

Merhawi Hagos Haile appeals from his 84–month sentence imposed following his guilty-plea conviction for conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Haile argues that the district court relied on unproven firearms allegations in determining his sentence. Haile misperceives the district court's reasoning. The district court's statement about Haile's "involvement in firearms" was not a factual finding that Haile possessed any firearms; rather, it was simply a general comment on the danger Haile posed by merely being present around firearms and drugs. All the instances referred to by the district court are documented in the presentence report, which Haile did not challenge.

The record shows that the district court noted its obligation to impose a sentence in light of the 18 U.S.C. § 3553 factors and not only mentioned, but discussed, the Sentencing Guidelines range, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public, and what kind of sentence would provide sufficient deterrence. *See Rita v. United States*, — U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). The sentence imposed was not unreasonable.

Finally, even if Haile's failure to raise his Fed.R.Crim.P. 32(i)(3)(B) argument until his reply brief is not construed as constituting a waiver of the issue, to the extent that the district court should have specifically resolved Haile's objections to the overt acts at the sentencing hearing, it did not plainly err in failing to do so. *See United States v. Anderson*, 472 F.3d 662,

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

668 (9th Cir.2006) (noting that issues raised for the first time in an appellant's reply brief are generally deemed waived); Fed.R.Crim.P. 52(b) (setting forth the plain error standard).

**AFFIRMED.**